## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**DANIEL LOUIS WILLIAMS**                                          **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 2:15-CV-21-DPJ-FKB**

**BILLY MCGEE, ET AL**                                          **DEFENDANTS**

### SHERIFF BILLY MCGEE, CAPTAIN DONELL BRANNON, SERGEANT BRANDON MILLSAP, SERGEANT ANDREA ESTRADA AND PHILLIP JACKSON'S ANSWER TO COMPLAINT

Comes now Sheriff Billy McGee, Capt. Donell Brannon, Sgt. Brandon Millsap, Sgt. Andrea Estrada, and Phillip Jackson, by and through counsel, and in response to Plaintiff's Complaint (*CM/ECF Doc. No. 1*), Amended Complaint (*CM/ECF Doc. 7*), and Response (*CM/ECF Doc. No. 10*) would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

To the extent the Plaintiff is asserting claims against the answering defendants in their individual capacities, said answering defendants would assert that they are entitled to qualified immunity.  More specifically, the answering defendants would affirmatively assert that Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and, at all times, the answering defendants' conduct was objectively reasonable under the circumstances.

### FOURTH DEFENSE

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

### FIFTH DEFENSE

Insofar as any state law claims are concerned, the answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

### SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, the answering defendants respond to the allegations in Plaintiff's Complaint, paragraph by paragraph, as follows:

## OTHER LAWSUITS FILED BY PLAINTIFF

A-B. Answering defendants lack information sufficient to make a determination as to truth of the allegations of paragraphs A-B of Plaintiff's Complaint and, as such, deny the same.

## PARTIES

I. Answering defendants, upon information and belief, admit the allegations of paragraph I of Plaintiff's Complaint.

II. Answering defendants admit that Billy McGee is the duly-elected Sheriff of Forrest County, Mississippi. Answering defendants deny the remaining allegations of paragraph II of Plaintiff's Complaint, as stated.

## GENERAL INFORMATION

A-F. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraphs A-F of Plaintiff's Complaint and, as such, deny the same.

## STATEMENT OF CLAIM

III. Answering defendants deny the allegations of paragraph III of the Plaintiff's Complaint.

**RELIEF**

IV.     Answering defendants deny the allegations of paragraph IV of Plaintiff's Complaint and would affirmatively aver that the Plaintiff is not entitled to any relief whatsoever.

**AMENDED COMPLAINT (*CM/ECF DOC. NO.  7*)**

**STATEMENT OF CLAIM**

III.     Answering defendants deny the allegations of paragraph III of the Plaintiff's Amended Complaint.

**RELIEF**

IV.     Answering defendants deny the allegations of paragraph IV of the Plaintiff's Amended Complaint and would affirmatively aver that the Plaintiff is not entitled to any relief whatsoever.

**RESPONSE (*CM/ECF DOC. NO. 10)*

I.     Answering defendants deny the allegations of paragraph I of Plaintiff's Response as stated.

II.     Answering defendants deny the allegations of paragraph II of Plaintiff's Response as stated.

III.     Answering defendants admit that the named defendants are the duly-elected sheriff of Forrest County and employees of Forrest County. Answering defendants deny the remaining allegations of paragraph III of the Plaintiff's Response, as stated.

### EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

### NINTH DEFENSE

Answering defendants aver that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incidents in question.

### TENTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

### ELEVENTH DEFENSE

At all times, answering defendants were acting within the course and scope of their employment and, therefore, cannot be held liable in their individual capacity insofar as any state court claims are concerned.

### TWELFTH DEFENSE

Answering defendants were at all times acting in the official scope of their duties as employees of Forrest County, Mississippi, and at all times material to the allegations of the Complaint, their actions were in good faith without malice and within the course and scope of their employment.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state law claims are concerned.    Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)    The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)    The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)    The procedures fail to provide a limit on the amount of the award against the defendants.

(d)    The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)    The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)    The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## FOURTEENTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## FIFTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994) as a defense to the extent it is applicable to any of Plaintiff's claims.

## SIXTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint, Amended Complaint and Response against them, answering defendants request that the same be dismissed and discharged with costs assessed against the Plaintiff.

**DATE:       July 14, 2015.**

Respectfully submitted,

**SHERIFF BILLY MCGEE, CAPT.
DONELL BRANNON, SGT.
BRANDON MILLSAP, SGT.
ANDREA ESTRADA AND
PHILLIP JACKSON**

By:    /s/William R. Allen
          One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. (601) 833-4361
Fax (601) 833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

8

## <u>CERTIFICATE</u>

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed Sheriff Billy McGee, Capt. Donell Brannon, Sgt. Brandon Millsap, Sgt. Andrea Estrada, and Phillip Jackson's Answer to Complaint, Amended Complaint and Response with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant:

> Daniel Louis Williams
> Forrest County Jail
> 55 Arena Drive
> Hattiesburg, MS 39401

This the 14th day of July, 2015.

/s/William R. Allen
**OF COUNSEL**

9