IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DANIEL LOUIS WILLIAMS                                        PLAINTIFF

VS.                                                CIVIL ACTION NO. 2:15-cv-21-FKB-FKB

BILLY McGEE, ET AL.                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Summary Judgment [38] filed by Defendants in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff, Daniel Louis Williams, has not responded to the motion. The Court held an Omnibus Hearing in this matter, at which time the parties consented to proceed before the undersigned United States Magistrate Judge, and the District Judge subsequently entered an Order of Reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Williams is proceeding in this matter *in forma pauperis* and *pro se*. For the reasons explained in this opinion, the Court finds that the motion for summary judgment should be granted in part and denied in part.

I. CLAIMS

Williams is currently a post-conviction inmate housed at the South Mississippi Correctional Institution ("SMCI"). He alleges that his constitutional rights were violated while he was a pre-trial detainee at the Forrest County Detention Center ("FCDC") during 2014 and 2015. Defendants are Sheriff Billy McGee, Captain Donell Brannon, Sergeant Jason Milsap, Sergeant Andrea Estrada, Phillip Jackson, Brandon Freeman, Charles Sanders, Shane Giacone,

Richard Laubsher, Adrian Jones, and Greg Anderson.[1]

After the omnibus hearing, Plaintiff's claims were narrowed. *See* [35]. Plaintiff voluntarily dismissed some conditions of confinement claims, and the Court dismissed others. *Id.* Plaintiff also dismissed his claims against Defendant Officer Adam Graves. *Id.* Accordingly, the claims remaining at this juncture are Williams's claims that (1) Defendants showed deliberate indifference to his serious medical needs related to his teeth, and (2) Defendants denied him visitation with his son. Defendants have moved for summary judgment as to both of these claims. Additionally, Defendants have moved for summary judgment as to Plaintiff's claim of denial of access to assistance at a law library. The Court, however, previously dismissed that claim based on Williams's failure to allege an injury. *See id.* at 1-2.

Turning to his claims, Williams alleges that Defendants did not allow him visitation with his three-year-old son, but that Defendants allowed other inmates visitation with whomever they wished to see. [1-2] at 1. At the omnibus hearing, Williams clarified that he was not allowed to visit with his son on approximately three occasions during 2014 and 2015. [34] at 23-24. He testified that the Defendants explained that it was the policy of FCDC not to allow visitors under age eighteen.

Williams also alleges that Defendants denied him adequate dental care when he broke two wisdom teeth in March 2014 and June 2014, and for the following months until he saw a dentist in May 2015. [34] at 12-16. He alleges that one tooth broke in half in March 2014, and that he suffered a chip to the other one in June 2014. *Id.* at 12-13. He admits that the nurses gave him ibuprofen for his pain, but he argues that he was informed by FCDC officers and

---

[1] Defendant Derek Bourne remains unserved.

medical personnel that his family would have to pay for any non-emergency dental work. *Id.*; [38-2] at 5, 9, 14, 15, 21. At the omnibus hearing, Williams admitted that he was sent to a dentist in May 2015, at which time the dentist pulled one of his teeth. [34] at 15-16. Williams alleges that the dentist arranged a follow up appointment to pull the second tooth, but that Defendants refused to transport him to the second appointment. *Id.*

For the reasons explained below, the Court grants summary judgment as to Williams's claim of denial of visitation. However, the Court finds insufficient evidence in the record to grant summary judgment in favor of Defendants on Plaintiff's claims related to dental treatment.

## II. RELEVANT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial*," Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions,"

or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

III. DISCUSSION

A. Visitation

Williams alleges that Defendants violated his constitutional rights when they did not allow him to have visitation with his three-year-old son on an unspecified date in 2014, on an unspecified date in February or March of 2015, and on August 19, 2015. [34] at 24. In a response to the Court [10], he alleges that all defendants were involved in this denial of visitation, while other inmates were allowed to have special visits with their children. [10] at 1-2.

Among other bases for summary judgment, Defendants argue that Williams did not exhaust his administrative remedies with regard to this claim. Statutory law and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before bringing a § 1983 action in federal court. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 121 S.Ct. at 1825. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

Williams does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies as to this claim. *See Ferrington v. Louisiana Dep't of Corr.*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 739 (2001).

Defendants have presented all of Williams's grievances that appear in his file, and no grievances relate to his claim of denial of visitation with his son. Defendants point out that Williams was aware of the grievance system because his inmate record contains several other grievances he submitted during the relevant time period. Williams has failed to file any response to this motion or the defense of failure to exhaust, much less come forward with any credible evidence supporting any attempts to exhaust as to this claim of denial of visitation. Accordingly, Defendants are entitled to summary judgment on this claim based on Williams's failure to exhaust administrative remedies.

### B. Dental Treatment

Williams alleges that Defendants denied him dental care related to two broken wisdom teeth that he suffered in March 2014 and June 2014, and for the following months until FCDC

transported him to a dentist in May 2015. [34] at 12-16. After an initial evaluation on May 6, the dentist pulled one of the wisdom teeth on May 19. *Id.*; [38-2] at 5-6. Williams alleges that Defendants failed to transport him to the dentist for a follow-up appointment for extraction of the second tooth. [34] at 15-16. At the omnibus hearing, Plaintiff testified that each of the Defendants, with the exception of Defendant Sheriff Billy McGee, relayed to him that FCDC's policy was that his family was required to pay for dental treatment. As to Defendant McGee, Williams testified that he did not claim that McGee did anything to him personally or failed to do anything that violated his constitutional rights. [34] at 27-28. Defendants have moved for summary judgment on the denial of dental treatment claims in both their official and individual capacities.

Defendants have supported the motion for summary judgment with copies of Williams's grievances related to the denial of dental treatment, selected sick call request forms, and a few nurses' notes. [38-2]. Although the inmates records custodian certified that the grievances were the only ones appearing in Williams's inmate file, there is no indication that all of his inmate medical records related to his dental treatment have been presented to the Court. Also lacking are the records related to Williams's dental visits in May 2015. Furthermore, although the FCDC's official policy on payment for non-emergency dental services is continually referenced by Defendants in response to Williams's many pleas for dental care, no copy of the policy has been presented to the Court. *See* [38-2] at 5, 9, 14, 15, 21.

"Deprivation of dental treatment may constitute deliberate indifference." *Green v. Hendrick Medical Center*, 251 F.3d 157, *4 (5th Cir. 2001)(unpublished)(citing *Harris v. Hegmann*, 198 F.3d 153, 159-160 (5th Cir. 1999)). Furthermore, "delay in medical care can only

constitute an Eight Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Based on the record before the Court, Plaintiff has alleged that the Defendants were deliberately indifferent to his serious dental needs when they denied him dental care for two cracked or chipped teeth for over one year based on an FCDC policy regarding non-emergency dental care, despite his allegations of continuing pain and requests for dental attention.

Although Defendants have supported their motion with some medical records, the records appear to be incomplete. If a defendant fails to meet the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). As the evidence stands, Defendants have failed to meet this burden as to Williams's claim that they were deliberately indifferent to his dental care needs, in both their official and individual capacities. Accordingly, the Court denies Defendants' motion for summary judgment, without prejudice. Defendants may refile a properly supported motion on this claim within forty-five (45) days of the date of this Order.

## IV. CONCLUSION

Accordingly, for these reasons, Defendants' Motion for Summary judgment is hereby granted in part and denied in part, without prejudice. The Motion is granted as to Plaintiff's claims of denial of visitation based on Williams's failure to exhaust administrative remedies. The Motion is denied, without prejudice, as to Williams's claim of denial of dental care. Defendants are given leave to refile a properly supported motion for summary judgment on the issue of denial of dental care within forty-five (45) days of this Order. Should no motion be filed, this matter will be set for trial at a later date.

SO ORDERED, this the 7th day of August, 2017.

                                            /s/ F. Keith Ball
                                            UNITED STATES MAGISTRATE JUDGE