IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DANIEL LOUIS WILLIAMS                                                              PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:15-cv-21-FKB-FKB

BILLY McGEE, ET AL.                                                     DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Second Motion for Summary Judgment [42] filed by Defendants in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff, Daniel Louis Williams, has not responded to the motion. For the reasons explained in this opinion, the Court finds that the motion for summary judgment should be granted.

I.      CLAIMS

Williams is currently a post-conviction inmate housed at the South Mississippi Correctional Institution ("SMCI"). He alleges that his constitutional rights were violated while he was a pre-trial detainee at the Forrest County Detention Center ("FCDC") during 2014 and 2015. Defendants are Sheriff Billy McGee and officers at FCDC, as follows: Captain Donell Brannon, Sergeant Jason Milsap, Sergeant Andrea Estrada, Phillip Jackson, Brandon Freeman, Charles Sanders, Shane Giacone, Richard Laubesher, Adrian Jones, and Greg Anderson. Defendant Derek Bourne remains unserved.

In a previous opinion [40], the Court granted summary judgment in favor of Defendants as to all of Williams's claims, with the exception of his claim for denial of dental care. The Court denied summary judgment without prejudice as to that claim on the basis that the

˜1˜

Defendants failed to provide sufficient evidentiary support for the motion.  Subsequently, Defendants filed the present motion on Williams's claims of denial of dental care, supported by additional medical records.

As explained in the Court's prior opinion, Williams alleges that Defendants denied him adequate dental care when he broke or chipped two wisdom teeth in March 2014 and June 2014, and for the following months until he saw a dentist in May 2015.  [34] at 12-16.  He alleges that one tooth broke in half in March 2014, and that he suffered a chip to the other one in June 2014. *Id.* at 12-13.  He admits that the nurses gave him ibuprofen for his pain, but he argues that he was informed by FCDC officers and medical personnel that his family would have to pay for any non-emergency dental work. *Id.*; [38-2] at 5, 9, 14, 15, 21.  At the omnibus hearing, Williams admitted that he was sent to a dentist in May 2015, at which time the dentist pulled one of his teeth.  [34] at 15-16.  Williams alleges that the dentist arranged a follow-up appointment to extract the second tooth, but that Defendants refused to transport him to the second appointment. *Id.*  As of July 27, 2015, Williams was no longer in the custody of FCDC. *See* [46] at 174-175.

## II.     RELEVANT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S.Ct. 618 (1998)).  Issues of fact are material if "resolution of the issues might affect the outcome

of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

### III. DISCUSSION

Williams alleges that Defendants denied him dental care related to his wisdom teeth in 2014 and 2015. [1]; [7]; [10]; [34] at 12-16. At the omnibus hearing, Plaintiff testified that each of the Defendants, with the exception of Defendant Sheriff Billy McGee, relayed to him that FCDC's policy required his family to pay for dental treatment. [34] at 26-32. As to Defendant McGee, Williams testified that McGee did not do anything to him personally or fail to do anything that violated his constitutional rights. *Id.* at 26-28. Defendants have moved for summary judgment on the denial of dental treatment claims in both their official and individual capacities.

"Deprivation of dental treatment may constitute deliberate indifference." *Green v. Hendrick Medical Center*, 2001 WL 300844, *4 (5th Cir. Mar. 7, 2001)(unpublished)(citing *Harris v. Hegmann*, 198 F.3d 153, 159-160 (5th Cir. 1999)). Furthermore, "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). "Neither an incorrect diagnosis nor the failure to alleviate a significant risk that an official

should have perceived but did not is sufficient to establish deliberate indifference." *Jackson v. Dunn*, 610 F. App'x 397 (5th Cir. 2015)(affirming grant of summary judgment on Mississippi prisoner's claim for deliberate indifference to dental needs). Likewise, "unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* Moreover, the issue of whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

To state claims against the Defendants in their individual capacities, "the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996). Supervisory officials, moreover, "cannot be held liable for the actions of subordinates under any theory of vicarious liability." *Id.* "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). In other words, in a § 1983 case, liability for an employee's actions may not be imputed to employers under a theory of *respondeat superior*.

Turning to Williams's claims against Defendant Sheriff McGee, Plaintiff testified at the omnibus hearing that he had sued McGee because he was the sheriff, not because McGee had done anything personally or failed to do anything personally to him that violated his constitutional rights. [34] at 27. There is no *respondeat superior* liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Williams has failed to come forward with any

evidence, or even allege, that Defendant McGee was aware of his dental condition. Accordingly, McGee is entitled to summary judgment on Williams's claims against him in his personal capacity.

Plaintiff's claims of denial of dental care against the remaining defendants in their personal capacities also fail. At the omnibus hearing, Plaintiff clarified that he had sued the remaining defendants, all officers at FCDC, not because they ever refused to take him to sick call, but because they relayed to him that FCDC's policy requires inmates to pay for non-emergent dental care. [34] at 27-32. Although Williams testified at the hearing that he believed that Defendants Brannon and Milsap played a role in determining whether he could obtain off-site dental care, he has failed to come forward with any evidence, other than his unsupported suppositions, that these or any other defendant officer could make decisions regarding his dental care. At this juncture, Plaintiff's "conclusory allegations" and "unsubstantiated assertions" are insufficient to create a genuine issue of material fact. *Little*, 37 F.3d at 1075.

The FCDC policy makes clear that all dental requests are reviewed by the facility's nurse to determine whether the requested dental care is medically necessary. [42-1] at 3. Although Plaintiff testified that he saw Nurse Sky Johnson for his dental care at FCDC, [34] at 28, he failed to name Nurse Johnson (or any other nurse at FCDC) as a defendant. Accordingly, because the undisputed evidence shows that the named defendants played no role in determining whether Williams should receive dental care, they are entitled to summary judgment in their individual capacities.

Moreover, even if Williams alleges that the FCDC dental policy violated his constitutional rights, his claims of denial or delay of dental care resulting from this policy fail to

˜5˜

rise to the level of a constitutional violation. In this instance, Defendants have supported the motion for summary judgment with copies of Williams's entire jail medical file at FCDC and the records from the dentist who extracted one of Williams's wisdom teeth in May 2015. [46] at 1-175; [46-1]. These records demonstrate that between Williams's initial booking at FCDC on January 18, 2014, and his release on July 27, 2015, Williams received treatment from medical staff on forty-four (44) different occasions for a variety of ailments, from rashes and colds to high blood pressure and depression.[1] [46] at 30-57, 61-92. Included in the forty-four visits to medical staff are ten (10) visits in which Williams complained of toothaches related to his wisdom teeth, beginning in June 2014. *Id.* at 46, 47, 51, 56, 70, 76, 79, 84, 85, 86. On those occasions, medical staff examined him promptly and prescribed him a combination of ibuprofen, Tylenol, and topical treatment. The medical records also substantiate that, subsequent to the visits, medical staff administered pain relievers on a consistent basis.

On April 7, 2015, the facility's doctor evaluated Williams and ordered a dental referral. *Id.* at 47. Soon thereafter, on May 6, 2015, FCDC transported Williams to a dentist for an initial consultation. [46-1] at 3. The dentist recommended removal of Williams's two upper wisdom teeth, but found that immediate extraction was not possible due to infection around the root of one of the teeth. *Id.* The dentist prescribed an antibiotic and ibuprofen, which the jail's medical personnel obtained and administered to Williams. *Id.* at 64. FCDC officers transported Williams back to the dentist on May 19, at which time the dentist extracted one of Williams's wisdom teeth. *Id.* The dentist prescribed a pain medication, which FCDC obtained and administered to Williams. [46] at 61. Even so, for several days thereafter, Williams refused

---

[1] In addition, a local mental health care provider consulted with Williams in person in March 2014, while he was in

ibuprofen and other medications offered by the medical staff. *Id.* at 95. Although the dentist noted on May 19 that Williams's next visit would include extraction of the other tooth, the records do not indicate that a specific appointment was established at that time. [46-1] at 4. At the omnibus hearing, Williams testified that Nurse Sky Johnson at FCDC informed him that he could not return to the dentist for the second extraction. [34] at 16:6-9. Williams left the facility on July 27, 2015. [46] at 174-175.

Based on these undisputed medical records, the Court finds that Plaintiff's claims of denial of dental treatment fail to rise to the level of a constitutional violation. Although he may disagree with the treatment he received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). "A disagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable under § 1983 only if there were exceptional circumstances." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Further, his disagreement with a nurse's diagnosis, rather than a doctor's, cannot rise to the level of a constitutional claim. *See Wesson v. Oglesby*, 910 F.2d 278, 283 (5th Cir. 1990).

In response to each sick call request in the record, the facility's medical staff saw Williams promptly and evaluated his condition. The staff treated him with pain relievers and topical treatments, according to their professional judgment. Once the facility doctor determined that Williams should be referred to a dentist for treatment, an appointment with a dentist was scheduled. The record shows, and Williams agrees, that he was transported to the appointment and subsequently received treatment. Although he complains that the facility did not transport

---

custody at FCDC. *Id.* at 24-25.

him to the dentist for a second extraction, there is no record that a firm appointment was scheduled by the dentist. Furthermore, there are no subsequent sick call requests or grievances by Williams in the record related to the failure of the facility to transport him to the dentist for the extraction of the second tooth. [46]; *see also* [38-2]. In fact, the facility doctor examined Williams two times after the initial tooth extraction and before Williams left the facility on July 27, 2015. [46] at 41-42. Williams failed to make any complaint related to his tooth at either examination. *Id.* Considering the volume of treatment demonstrated by the medical record, Williams has failed to show that officials were deliberately indifferent to his serious medical needs. *See Banuelos v. McFarland*, 41 F.3d at 235 ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

Because Williams has failed to show that he suffered any constitutional injury, his claims against Defendants in their official capacities also fail. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). *Monell* requires that a constitutional injury by a government official must occur before a government entity may be held liable for establishing an unconstitutional custom or policy.

As another basis for dismissal, Defendants have asserted that they are entitled to qualified immunity. Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). Because the Court finds that Plaintiff's claims are not cognizable under § 1983, it need not reach the question whether

Defendants are entitled to immunity. *Id.* Accordingly, summary judgment is granted in favor of Defendants.

IV. CONCLUSION

For the reasons discussed in this Order, Defendants' Motion for Summary Judgment [42] is hereby granted. Consequently, this action is dismissed with prejudice as to all Defendants, and a separate judgment will be entered. Fed. R. Civ. P. 58.

SO ORDERED, this the 13th day of February, 2018.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE